# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DISTRICT

| | | |
|---|---|---|
| ANNA KEEN (f/k/a Anna Garza), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:17-cv-1046 |
| | § | |
| ZENCO COLLECTIONS LLC, | § | |
| ADAM PASTERNAK, individually, | § | |
| STEPHEN McFAYDEN, individually, | § | |
| DeVILLE ASSET MANAGEMENT LIMITED, | § | |
| And WESTERN SURETY COMPANY | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS DEVILLE ASSET MANAGEMENT, LIMITED'S AND WESTERN SURETY COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendants DeVille Asset Management, Limited Partnership and Western Surety Company (hereinafter the "DeVille Defendants"), hereby submit this Answer to Plaintiff's Complaint and Jury Demand as follows:

### JURISDICTION

1.      The DeVille Defendants do not challenge jurisdiction at this time.

2.      The DeVille Defendants do not challenge jurisdiction at this time.

3.      The DeVille Defendants admit that Plaintiff has filed this action pertaining to credit and collection practices.  The DeVille Defendants deny any remaining allegations contained in Paragraph No. 3 of Plaintiff's Complaint and Jury Demand.

### VENUE

4.      The DeVille Defendants do not challenge venue at this time.

5.      The DeVille Defendants admit that Plaintiff, to their knowledge, lives in the State

of Texas within this Judicial District.

## **PARTIES**

6.       The DeVille Defendants admit that Plaintiff, to their knowledge, lives in the State of Texas within this Judicial District.

7.       The DeVille Defendants admit that Zenco is a Texas LLC operating in Richardson, Texas.

8.       The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 10 of Plaintiff's Complaint and Jury Demand and, as such, deny same.

9.       The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 9 of Plaintiff's Complaint and Jury Demand and, as such, deny same with the exception that they believe Mr. Pasternak to have some ownership interest in Zenco.

10.       The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 10 of Plaintiff's Complaint and Jury Demand and, as such, deny same with the exception that they believe Mr. McFayden to have some ownership interest in Zenco.

11.       The DeVille Defendants admit that DeVille Asset Management conducts business at 1132 Glade Road, Colleyville, Texas 76034.

12.       The DeVille Defendant admit that Western is a foreign entity that can be served through its registered agent, Jay B. Ledford, at 2801 Paramount Blvd., Amarillo, Texas 79109.

13.       The DeVille Defendants admit that Western is a foreign entity that can be served through its registered agend, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas,

Texas 75201.

14.     Paragraph No. 14 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

15.     Paragraph No. 15 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

## FACTUAL ALLEGATIONS

16.     The DeVille Defendants admit that Plaintiff incurred a financial obligation and defaulted on that obligation.  The DeVille Defendants state that remaining allegations contained in Paragraph No. 16 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

17.     The DeVille Defendants admit that Plaintiff defaulted on her financial obligation prior to the filing of this action and that DeVille Asset Management purchased this obligation. The DeVille Defendants deny any remaining allegations contained in Paragraph No. 17 of Plaintiff's Complaint and Jury Demand.

18.     The DeVille Defendants deny the allegations contained in Paragraph No. 18 of Plaintiff's Complaint and Jury Demand.

19.     Paragraph No. 19 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

20.     Paragraph No. 20 of Plaintiff's Complaint and Jury Demand are legal conclusions

to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

21.     The DeVille Defendants deny the allegations contained in Paragraph No. 21 of Plaintiff's Complaint and Jury Demand.

22.     Paragraph No. 22 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

23.     Paragraph No. 23 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

24.     The allegations contained in Paragraph No. 24 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

25.     Paragraph No. 25 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

26.     The DeVille Defendants admit that DeVille Asset Management uses telephones and other communication means to collect debts.

27.     Paragraph No. 27 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

28.     The allegations contained in Paragraph No. 28 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any

allegation as it may be deemed to apply to them.

29.     The allegations contained in Paragraph No. 29 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

30.     Paragraph No. 30 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

31.     The allegations contained in Paragraph No. 31 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

32.     Paragraph No. 32 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

33.     The DeVille Defendants deny the allegations contained in Paragraph No. 33 of Plaintiff's Complaint and Jury Demand as worded.

34.     The DeVille Defendants admit that DeVille Asset Management placed the debt with Zenco.

35.     The DeVille Defendants admit that an employee of DeVille Asset Management had telephone conversations with Plaintiff regarding her defaulted financial obligation.  The DeVille Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph No. 35 of Plaintiff's Complaint and Jury Demand and therefore denies same.

36.     The DeVille Defendants admit that an employee of DeVille Asset Management

had telephone conversations with Plaintiff regarding her defaulted financial obligation.  The DeVille Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph No. 36 of Plaintiff's Complaint and Jury Demand and therefore denies same.

37.     Paragraph No. 37 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

38.     The DeVille Defendants admit that an employee of DeVille Asset Management had telephone conversations with Plaintiff regarding her defaulted financial obligation.  The DeVille Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph No. 38 of Plaintiff's Complaint and Jury Demand and therefore denies same.

39.     The DeVille Defendants deny the allegations contained in Paragraph No. 39 of Plaintiff's Complaint and Jury Demand.

## ZENCO'S COLLECTION ATTEMPTS

40.     The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 40 of Plaintiff's Complaint and Jury Demand and, as such, deny same.

41.     The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 41 of Plaintiff's Complaint and Jury Demand and, as such, deny same.

42.     The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 42 of Plaintiff's Complaint and Jury Demand and, as such,

deny same.

43.     The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 43 of Plaintiff's Complaint and Jury Demand and, as such, deny same.

44.     The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 44 of Plaintiff's Complaint and Jury Demand and, as such, deny same.

45.     The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 45 of Plaintiff's Complaint and Jury Demand and, as such, deny same.

46.     The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 46 of Plaintiff's Complaint and Jury Demand and, as such, deny same.

47.     The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 47 of Plaintiff's Complaint and Jury Demand and, as such, deny same.

48.     The DeVille Defendants deny the allegations contained in Paragraph No. 48 of Plaintiff's Complaint and Jury Demand.

49.     The DeVille Defendants deny the allegations contained in Paragraph No. 49 of Plaintiff's Complaint and Jury Demand.

50.     The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 50 of Plaintiff's Complaint and Jury Demand and, as such, deny same.

51.     The DeVille Defendants lack the knowledge necessary to either admit or deny the allegations contained in Paragraph No. 51 of Plaintiff's Complaint and Jury Demand and, as such, deny same.

## DEVILLE'S COLLECTIONS ATTEMPTS

52.     The DeVille Defendants admit that Plaintiff called DeVille Asset Management during the year prior the filing of this suit.  The DeVille Defendants deny the remainder of the allegations contained in Paragraph No. 52 of Plaintiff's Complaint and Jury Demand as worded.

53.     The DeVille Defendants deny the allegations contained in Paragraph No. 53 of Plaintiff's Complaint and Jury Demand.

54.     The DeVille Defendants deny the allegations contained in Paragraph No. 54 of Plaintiff's Complaint and Jury Demand.

55.     The DeVille Defendants deny the allegations contained in Paragraph No. 55 of Plaintiff's Complaint and Jury Demand.

56.     The DeVille Defendants deny the allegations contained in Paragraph No. 56 of Plaintiff's Complaint and Jury Demand.

57.     The DeVille Defendants deny the allegations contained in Paragraph No. 57 of Plaintiff's Complaint and Jury Demand.

58.     The DeVille Defendants deny the allegations contained in Paragraph No. 58 of Plaintiff's Complaint and Jury Demand.

59.     The DeVille Defendants deny the allegations contained in Paragraph No. 59 of Plaintiff's Complaint and Jury Demand.

60.     The DeVille Defendants deny the allegations contained in Paragraph No. 60 of Plaintiff's Complaint and Jury Demand.

61.     The DeVille Defendants deny the allegations contained in Paragraph No. 61 of Plaintiff's Complaint and Jury Demand.

62.     The DeVille Defendants deny the allegations contained in Paragraph No. 62 of Plaintiff's Complaint and Jury Demand.

63.     The DeVille Defendants deny the allegations contained in Paragraph No. 63 of Plaintiff's Complaint and Jury Demand.

64.     The DeVille Defendants deny the allegations contained in Paragraph No. 64 of Plaintiff's Complaint and Jury Demand.

65.     The DeVille Defendants deny the allegations contained in Paragraph No. 65 of Plaintiff's Complaint and Jury Demand.

## RESPONDEAT SUPERIOR

66.     The allegations contained in Paragraph No. 66 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

67.     The allegations contained in Paragraph No. 67 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

68.     The allegations contained in Paragraph No. 68 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

69.     The allegations contained in Paragraph No. 69 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

70.     Paragraph No. 70 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

71.     Paragraph No. 71 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

72.     Paragraph No. 72 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

73.     Paragraph No. 73 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq. BY ZENCO COLLECTIONS

74.     The DeVille Defendants deny each and every allegation of Plaintiff's Complaint and Jury Demand unless specifically admitted herein, and restate and incorporate all matters set forth in Paragraph Nos. 1 - 73 of their Answer as if restated herein word for word in response to Paragraph No. 74 of Plaintiff's Complaint and Jury Demand.

75.     The allegations contained in Paragraph No. 75 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

76.     The allegations contained in Paragraph No. 76 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

## COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE
### BY ZENCO COLLECTIONS LLC

77.     The DeVille Defendants deny each and every allegation of Plaintiff's Complaint and Jury Demand unless specifically admitted herein, and restate and incorporate all matters set forth in Paragraph Nos. 1 - 76 of their Answer as if restated herein word for word in response to Paragraph No. 77 of Plaintiff's Complaint and Jury Demand.

78.     The allegations contained in Paragraph No. 78 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

79.     The allegations contained in Paragraph No. 79 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

## COUNT III: INVASION OF PRIVACY (INTRUSION ON SECLUSION)
### BY ZENCO COLLECTIONS LLC

80.     The allegations contained in Paragraph No. 80 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

81.     The allegations contained in Paragraph No. 81 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

## COUNT IV: UNREASONABLE COLLECTION EFFORTS
### BY ZENCO COLLECTIONS LLC

82.     The allegations contained in Paragraph No. 82 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

83.     Paragraph No. 83 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

84.     The allegations contained in Paragraph No. 84 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

85.     The allegations contained in Paragraph No. 85 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

## COUNT V: VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.
## BY ADAM PASTERNAK

86.     The DeVille Defendants deny each and every allegation of Plaintiff's Complaint and Jury Demand unless specifically admitted herein, and restate and incorporate all matters set forth in Paragraph Nos. 1 - 85 of their Answer as if restated herein word for word in response to Paragraph No. 86 of Plaintiff's Complaint and Jury Demand.

87.     The allegations contained in Paragraph No. 87 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

88.     The allegations contained in Paragraph No. 88 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

## COUNT VI: VIOLATIONS OF THE TEXAS FINANCE CODE
## BY ADAM PASTERNAK

89.     The DeVille Defendants deny each and every allegation of Plaintiff's Complaint

and Jury Demand unless specifically admitted herein, and restate and incorporate all matters set forth in Paragraph Nos. 1 - 88 of their Answer as if restated herein word for word in response to Paragraph No. 89 of Plaintiff's Complaint and Jury Demand.

90.     The allegations contained in Paragraph No. 90 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

91.     The allegations contained in Paragraph No. 91 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

## COUNT VII: INVASION OF PRIVACY (INTRUSION ON SECLUSION)
## BY ADAM PASTERNAK

92.     The allegations contained in Paragraph No. 92 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

93.     The allegations contained in Paragraph No. 93 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

## COUNT VIII: UNREASONABLE COLLECTION EFFORTS
## BY ADAM PASTERNAK

94.     The allegations contained in Paragraph No. 94 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

95.     Paragraph No. 95 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants

deny the allegations and demand strict proof thereof.

96.     The allegations contained in Paragraph No. 96 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

97.     The allegations contained in Paragraph No. 97 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

## COUNT IX: VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.
## BY STEPHEN McFAYDEN

98.     The DeVille Defendants deny each and every allegation of Plaintiff's Complaint and Jury Demand unless specifically admitted herein, and restate and incorporate all matters set forth in Paragraph Nos. 1 - 97 of their Answer as if restated herein word for word in response to Paragraph No. 98 of Plaintiff's Complaint and Jury Demand.

99.     The allegations contained in Paragraph No. 99 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

100.    The allegations contained in Paragraph No. 100 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

## COUNT X: VIOLATIONS OF THE TEXAS FINANCE CODE
## BY STEPHEN McFAYDEN

101.    The DeVille Defendants deny each and every allegation of Plaintiff's Complaint and Jury Demand unless specifically admitted herein, and restate and incorporate all matters set forth in Paragraph Nos. 1 - 100 of their Answer as if restated herein word for word in response to

Paragraph No. 101 of Plaintiff's Complaint and Jury Demand.

102.    The allegations contained in Paragraph No. 102 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

103.    The allegations contained in Paragraph No. 103 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

### COUNT XI: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY STEPHEN McFAYDEN

104.    The allegations contained in Paragraph No. 104 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

105.    The allegations contained in Paragraph No. 105 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

### COUNT XII: UNREASONABLE COLLECTION EFFORTS BY STEPHEN McFAYDEN

106.    The allegations contained in Paragraph No. 106 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

107.    Paragraph No. 107 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

108.    The allegations contained in Paragraph No. 108 of Plaintiff's Complaint and Jury

Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

109.    The allegations contained in Paragraph No. 109 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

## COUNT XIII: VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.
## BY DEVILLE ASSET MANAGEMENT LIMITED

110.    The DeVille Defendants deny each and every allegation of Plaintiff's Complaint and Jury Demand unless specifically admitted herein, and restate and incorporate all matters set forth in Paragraph Nos. 1 - 109 of their Answer as if restated herein word for word in response to Paragraph No. 110 of Plaintiff's Complaint and Jury Demand.

111.    The DeVille Defendants deny the allegations contained in Paragraph No. 111 of Plaintiff's Complaint and Jury Demand.

112.    The DeVille Defendants deny the allegations contained in Paragraph No. 112 of Plaintiff's Complaint and Jury Demand.

## COUNT XIV: VIOLATIONS OF THE TEXAS FINANCE CODE
## BY DEVILLE ASSET MANAGEMENT LIMITED

113.    The DeVille Defendants deny each and every allegation of Plaintiff's Complaint and Jury Demand unless specifically admitted herein, and restate and incorporate all matters set forth in Paragraph Nos. 1 - 112 of their Answer as if restated herein word for word in response to Paragraph No. 113 of Plaintiff's Complaint and Jury Demand.

114.    The DeVille Defendants deny the allegations contained in Paragraph No. 114 of Plaintiff's Complaint and Jury Demand.

115.    The DeVille Defendants deny the allegations contained in Paragraph No. 115 of

Plaintiff's Complaint and Jury Demand.

116.    The DeVille Defendants deny any allegations contained in Paragraph No. 116 of Plaintiff's Complaint and Jury Demand.

117.    The DeVille Defendants deny any allegations contained in Paragraph No. 117 of Plaintiff's Complaint and Jury Demand.

## COUNT XV: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY DEVILLE ASSET MANAGEMENT LIMITED

118.    The DeVille Defendants deny the allegations contained in Paragraph No. 118 of Plaintiff's Complaint and Jury Demand.

119.    The DeVille Defendants deny the allegations contained in Paragraph No. 119 of Plaintiff's Complaint and Jury Demand.

## COUNT XVI: UNREASONABLE COLLECTION EFFORTS BY DEVILLE ASSET MANAGEMENT LIMITED

120.    The DeVille Defendants deny the allegations contained in Paragraph No. 120 of Plaintiff's Complaint and Jury Demand.

121.    Paragraph No. 121 of Plaintiff's Complaint and Jury Demand are legal conclusions to which no response is required.  To the extent a response is required, the DeVille Defendants deny the allegations and demand strict proof thereof.

122.    The DeVille Defendants deny the allegations contained in Paragraph No. 122 of Plaintiff's Complaint and Jury Demand.

123.    The DeVille Defendants deny the allegations contained in Paragraph No. 123 of Plaintiff's Complaint and Jury Demand.

## COUNT XVII: IMPUTED LIABILITY OF WESTERN SURETY COMPANY FOR LIABILITY OF DEVILLE ASSET MANAGEMENT LIMITED

124.    The DeVille Defendants deny each and every allegation of Plaintiff's Complaint

and Jury Demand unless specifically admitted herein, and restate and incorporate all matters set forth in Paragraph Nos. 1 - 123 of their Answer as if restated herein word for word in response to Paragraph No. 124 of Plaintiff's Complaint and Jury Demand.

125.    The DeVille Defendants deny the allegations contained in Paragraph No. 125 of Plaintiff's Complaint and Jury Demand.

126.    The DeVille Defendants deny any allegations contained in Paragraph No. 126 of Plaintiff's Complaint and Jury Demand.

## EXEMPLARY DAMAGES

127.    The DeVille Defendants deny the allegations contained in Paragraph No. 127 of Plaintiff's Complaint and Jury Demand.

## JURY TRIAL DEMAND

128.    The DeVille Defendants join in Plaintiff's demand for a trial by jury.

## DEMAND FOR RELIEF

129.    The allegations contained in Paragraph No. 129 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

130.    The allegations contained in Paragraph No. 130 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

131.    The allegations contained in Paragraph No. 131 of Plaintiff's Complaint and Jury Demand do not pertain to the DeVille Defendants who make no response except to deny any allegation as it may be deemed to apply to them.

132.    The DeVille Defendants deny any allegations contained in Paragraph No. 132 of

Plaintiff's Complaint and Jury Demand and further deny that Plaintiff is entitled to any damages.

133.    The DeVille Defendants deny any allegations contained in Paragraph No. 133 of Plaintiff's Complaint and Jury Demand and further deny that Plaintiff is entitled to any damages.

## AFFIRMATIVE DEFENSES

### First Separate Defense

134.    Pleading affirmatively, Plaintiff has failed to state any claims upon which relief may be granted.

### Second Separate Defense

135.    Pleading affirmatively, if DeVille Asset Management violated the FDCPA, which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### Third Separate Defense

136.    The DeVille Defendants reserve the right to further amend this Answer to raise and present additional defenses, counterclaims and cross-claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants DeVille Asset Management, Limited and Western Surety Company pray that this Court enter judgment that Plaintiff takes nothing by her claims and that Defendants DeVille Asset Management Limited and Western Surety Company be discharged with their costs of Court taxed against Plaintiff.  Defendants DeVille Asset Management Limited and Western Surety Company further pray for any additional or alternative relief to which they might be justly entitled.

Dated: November 29, 2017                    Respectfully submitted,


/s/ Seth K, Bell
Seth K. Bell
Law Office of Seth K. Bell
7801 Broadway, Suite 230
San Antonio, Texas 78209
(o)  210-824-4001
(f)   210-320-3700
seth@sethkbell.com

Attorney for the Defendants


## CERTIFICATE OF SERVICE

I hereby certify that, on November 29, 2017, I filed the foregoing with the Court using the Clerk of Court's CM/ECF system, which will send electronic notice to all counsel of record.